UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: KINCAID,

        Petitioner,

Case No. 15-mc-80055-DMR

**REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION RE: RENEWED PETITION FOR EXPUNGEMENT OF CENTRAL REGISTRATION DEPOSITORY RECORDS**

Re: Dkt. No. 7

On February 4, 2015, John Boone Kincaid III ("Kincaid") filed a petition requesting that the court confirm an arbitration award directing expungement of his central registration depository ("CRD") records pursuant to Rule 2080 of the Financial Industry Regulatory Authority, Inc. ("FINRA").[1] Pet. [Docket No. 4] at 2. On April 16, 2015, this court denied the petition without prejudice because Kincaid had not established subject matter jurisdiction, and also had failed to demonstrate that he had met the regulatory requirements to file his petition. Order [Docket No. 5] at 7. Kincaid has filed a renewed petition that attempts to address the insufficiencies the court identified in its earlier order. [Docket Nos. 6-7.]

The court has reviewed Kincaid's unopposed brief[2] and accompanying submissions, and

---

[1] FINRA is a "self-regulatory organization" under the Securities and Exchange Act. One of FINRA's duties is to maintain a collection of registration information about FINRA-licensed financial advisors such as Kincaid, which it does through its CRD system. FINRA Rule 2080 governs the process of expunging records from the CRD system.

[2] Kincaid proceeds ex parte. FINRA expressly waived its right to be named as a party in this action to confirm Kincaid's arbitration award pursuant to FINRA Rule 2080. *See* Supp. Morris Decl. [Docket No. 6] at ¶¶ 10-11, Ex. 4 ("FINRA has reviewed, and determined to grant, [Kincaid's] request for a waiver of the obligation under FINRA Rule 2080 to name FINRA has a party in any action to confirm the award issued [in *In the Matter of the Arbitration Between*

finds that this matter is appropriate for determination without oral argument. Civil L.R. 7-1(b). Kincaid has not consented to have this petition decided by a magistrate judge pursuant to 28 U.S.C. 636(c). For this reason, the court requests that the matter be reassigned to a district judge, and issues this report and recommendation. The court recommends that the petition be denied due to lack of subject matter jurisdiction.

## I. BACKGROUND

### A. The FINRA Arbitration

The court has summarized the factual allegations elsewhere. *See* Order at 1-3. In brief, Kincaid is a financial advisor. On June 11, 2013, one of his former customers, Charles W. Liotta, trustee for the Charles Liotta Trust DTD 3/8/94 initiated an arbitration against Kincaid and Cetera Advisors LLC.[3] The Statement of Claim in the arbitration alleged two counts against Kincaid: (1) breach of fiduciary duty; and (2) "violation of NASD and FINRA rules, and breach of contract and negligence."[4] Supp. Morris Decl., Ex. 1 at 9. Liotta demanded "judgment against respondents for compensatory damages in the amount of $70,000 plus interest, costs, attorneys' fees and such other damages the panel deem[ed] appropriate." Supp. Morris Decl., Ex. 1 at 9.

Kincaid settled with Liotta on March 6, 2014. Kincaid also filed an unopposed motion asking the arbitrator to expunge all references to the arbitration claim from FINRA's CRD system pursuant to FINRA Rule 2080. On June 23, 2014, the arbitrator issued an award finding that the claim against Kincaid was factually impossible or erroneous, as well as false. Morris Decl., Ex. 3 at 000048 ("[T]he Arbitrator has made the following Rule 2080 affirmative findings of fact: The claim, allegation, or information is factually impossible or clearly erroneous; and the claim,

---

*Charles Liotta Trust dated 3/8/94 v. Cetera Advisors LLC, John Boone Kincaid III*, FINRA Case No. 13-01619].").

[3] *See In the Matter of the Arbitration Between Charles Liotta Trust dated 3/8/94 v. Cetera Advisors LLC, John Boone Kincaid III*, FINRA Case No. 13-01619. Morris Decl. at ¶ 2, Ex. 1.

[4] Although the second claim appears to state several different causes of action, Liotta pleads it as one claim. *See* Supp. Morris Decl., Ex. 1 at 9 (noting that "violations of industry rules and practices give rise to common law claim[s] for negligence").

allegation, or information is false."). The arbitrator further recommended expungement of all references to the arbitration from Kincaid's registration records maintained by the CRD. Pet. at 3; Morris Decl. at ¶¶ 7-8, Ex. 3 at 000048. The arbitrator noted two additional prerequisites pursuant to FINRA Rule 2080(a) and 2080(b) before an expungement directive could be issued: (1) Kincaid was required to obtain confirmation of the expungement relief from a court of competent jurisdiction, and (2) if Kincaid sought such confirmation, he was required to name FINRA as a party unless FINRA waived participation in the proceeding in writing. Morris Decl. at ¶ 7, Ex. 3 at 000048. *See also* FINRA R. 2080(a) ([m]embers . . . seeking to expunge information from the CRD system arising from disputes with customers must obtain an order from a court of competent jurisdiction . . . confirming an arbitration award containing expungement relief."); and FINRA R. 2080(b) (Kincaid "must name FINRA as an additional party . . . unless this requirement is waived [by FINRA].").

### B. First Petition

Kincaid then brought this proceeding requesting that the court confirm his FINRA arbitration award directing expungement of his CRD records. The court denied the petition without prejudice to its renewal on two grounds.

First, Kincaid had not demonstrated that the court had subject matter jurisdiction to confirm the arbitration award.[5] The only jurisdictional basis asserted by Kincaid was Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, which governs confirmation of arbitration awards by federal courts. The court noted that "the FAA is *not* a grant of federal subject matter

---

[5] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *See also* U.S. Const. art. III, § 2, cl. 1. If subject matter jurisdiction is lacking, the action must be dismissed. Lack of subject matter jurisdiction may be raised at any time and by any party. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6, 16-18 (1951); *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (citation omitted). "The party asserting jurisdiction always bears burden of establishing subject matter jurisdiction." *Hernandez v. McClanahan*, 996 F. Supp. 975, 977 (N.D. Cal. 1998) (citing *Kokkonen*, 511 U.S. at 377; *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "The court, in effect, presumes lack of jurisdiction unless the asserting party can prove otherwise." *Id.*

3

jurisdiction. Rather, for a federal court to have jurisdiction under the FAA, the litigant must assert an independent jurisdictional basis." *See* Order at 4-6 (citing *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) *cert. denied,* 455 U.S. 948 (1982), *reh'g denied,* 456 U.S. 939 (1982); *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 833 (9th Cir. 2004) (citations omitted)).

Second, the court found that Kincaid had not met the requirements of FINRA Rule 2080, because he did not demonstrate that FINRA had affirmatively waived the requirement that it be named as a party. Order at 6. The court noted that Kincaid may have mistakenly attached the wrong exhibit to his declaration, since his petition referenced a September 11, 2014 FINRA letter in which it expressly waives the requirement to name FINRA as a party in the litigation, but the attached exhibit was a letter dated July 28, 2014. *Id*. at n.8.

## C. Renewed Petition

This renewed petition followed. Kincaid has attached the correct exhibit demonstrating that FINRA has affirmatively waived its right to be named as a party to this action. *See* Supp. Morris Decl. at ¶¶ 10-11, Ex. 4. He has therefore met the requirement for expungement set forth in FINRA Rule 2080(b). Thus, the only remaining issue is whether Kincaid has established that the court has subject matter jurisdiction over this proceeding.

Kincaid asserts that this court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.[6] He also asserts that the court exercises jurisdiction over this action pursuant to the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa, which grants federal courts exclusive jurisdiction over actions brought to

---

[6] A court has original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between all plaintiffs and all defendants. *See* 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("The current general-diversity statute, permitting federal district court jurisdiction over suits for more than [$75,000] between citizens of different States, 28 U.S.C. § 1332(a), thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.") (internal quotation marks omitted).

enforce certain securities laws and regulations. The court considers each assertion in turn.

## II.   DISCUSSION

### A.   Diversity Jurisdiction

#### 1.   Amount in Controversy

In the Ninth Circuit, the amount demanded in the underlying arbitration determines the amount in controversy in a motion to confirm an arbitration award arising under the FAA.[7] *See Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("We conclude that the amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for purposes of diversity jurisdiction . . . under 28 U.S.C. § 1332."). This so-called "demand approach" requires the court to consider only what Liotta actually demanded in the underlying arbitration when determining the amount in controversy for purposes of diversity jurisdiction.

---

[7] There is a circuit split regarding how to determine the amount in controversy in cases concerning whether to confirm or vacate an arbitration award under Section 9 of the FAA. *See Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 175 (4th Cir. 2007). Some circuits follow the "award approach," wherein the amount of the award determines the amount in controversy. *See Ford v. Hamilton Investments, Inc.*, 29 F.3d 255, 260 (6th Cir. 1994) ("A claim for vacation of an arbitral award [below jurisdictional amount] is not sufficient for diversity jurisdiction"); *Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1472 (11th Cir. 1997) (holding that because the amount sought to be vacated in the award was only $36,284.69, there was "legal certainty" that the amount in controversy could not be met). The Seventh Circuit has adopted the "remand," or "mixed" approach, in which the amount awarded in the arbitration determines the amount in controversy, in addition to any other amount if the case was remanded and arbitration was reopened. *See Sirotzky v. New York Stock Exch.*, 347 F.3d 985, 989 (7th Cir. 2003) *abrogated on other grounds by Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ("[T]he amount in controversy in a suit challenging an arbitration award includes the matter at stake in the arbitration, provided the plaintiff is seeking to reopen the arbitration.") (citation omitted). It is clear, however, that the Ninth Circuit follows the "demand approach." *See Karsner v. Lothian*, 532 F.3d 876, 883 (D.C. Cir. 2008) ("[T]he demand approach has merit and has recently been applied by two other circuit courts. For example, the Ninth Circuit recently upheld the exercise of diversity jurisdiction over a petition to vacate an arbitration award of $0.") (citing *Theis Research, Inc.*, 400 F.3d at 664–65; *Am. Guaranty Co. v. Caldwell*, 72 F.2d 209, 211 (9th Cir.1934)); *see also Shannon Assocs. LLC v. MacKay*, No. C 09-4184 CW, 2009 WL 4756568, at *2 (N.D. Cal. Dec. 8, 2009) ("In *Theis Research, Inc. v. Brown & Bain,* the Ninth Circuit held that the measure of the amount of controversy in arbitration award cases is the amount at stake in the underlying litigation, not the amount of the arbitration award.") (citation and internal quotations omitted).

5

1    The amount demanded by Liotta in the arbitration does not exceed $75,000. The
2    Statement of Claim demanded "judgment against respondents for compensatory damages in the
3    amount of $70,000 plus interest, costs, attorneys' fees and such other damages the panel deem[ed]
4    appropriate." Supp. Morris Decl., Ex. 1 at 9. Despite this, Kincaid contends that he has met the
5    amount in controversy requirement under 28 U.S.C. §1332 on five different grounds. Only two of
6    his arguments are consistent with the Ninth Circuit's "demand approach" to determining whether a
7    party has met the $75,000 threshold amount for establishing diversity jurisdiction with regard to
8    the confirmation of FAA arbitration awards.[8] Thus, the court considers Kincaid's assertions that
9    (1) attorneys' fees and (2) costs should each be factored into the amount in controversy.

### a. Attorneys' Fees

Attorneys' fees are generally excluded from the amount in controversy calculation. *See Galt G/S*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (citing *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)). However, "there are two logical exceptions to this rule: one where the fees are provided for by contract, and two, where a statute mandates or allows the payment of such fees." *Alcatel Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. CV 09-2140 PSG (JCX), 2010 WL 883831, at *3 (C.D. Cal. Mar. 5, 2010) (citing *Galt*, 142 F.3d at 1155) (quotation marks omitted). *See also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) ("The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract"); *Patel v. Nike Retail Servs., Inc.*, No. 14-CV-00851-JST, 2014 WL 3611096, at *13 (N.D. Cal. July

---

[8] The other three arguments would require the court to consider additional damages not demanded in the arbitration. *See* Am. Pet. at 4-5. ***First***, Kincaid argues that the court should add $65,000 to the amount in controversy, representing Liotta's lost income. There is no basis for adding lost income damages when Liotta himself did not demand these damages. ***Second***, Kincaid urges the court to increase the amount in controversy based on the possibility of punitive damages in the arbitration. Again, there is no authority for this position, given that Liotta himself made no demand for punitive damages. *See* Supp. Morris Decl., Ex. 1 at 5; Morris Decl., Ex. 3 at 000047. ***Third***, Kincaid requests that the court consider *his own* "economic hardship, including loss of prospective clients[,]" to determine the amount in controversy. Am. Pet. at 5; Kincaid Decl. at ¶ 7. Kincaid's economic hardship has no bearing on the amount demanded in the underlying arbitration, and is thus irrelevant to the analysis.

6

1    21, 2014) ("The amount in controversy includes . . . attorney's fees, if authorized by statute or
2    contract.").

3          Kincaid contends that attorneys' fees should be counted toward the amount in controversy
4    because they were authorized by statute in the underlying arbitration. He asserts that Liotta would
5    have had a statutory right to attorneys' fees of approximately $23,000 under California Welfare
6    and Institutions Code section 15657.5. That statute provides for mandatory attorneys' fees in
7    successful elder abuse actions.[9] Kincaid argues that because Liotta was eighty-three years old, he
8    would have been awarded attorneys' fees had he been successful in the arbitration. This argument
9    fails because Liotta did not bring an elder abuse claim. He would not have been entitled to
10   statutorily-mandated attorneys' fees simply by virtue of being elderly.

11         Thus, the court finds that Kincaid has failed to meet his burden of demonstrating that
12   attorneys' fees should be factored into the amount in controversy under 28 U.S.C. § 1332(a).

13         **b.  Costs**

14         Kincaid also argues that the court should include costs in calculating the amount in
15   controversy, given that Liotta sought reimbursement of the costs of the arbitration in the
16   underlying Statement of Claim. According to Kincaid, these include the cost of transcribing the
17   record, travel costs, expert witnesses' fees, FINRA filing fees, and the arbitrator's fees for motions
18   and hearing costs. *See* Am. Pet. at 4. Kincaid avers that the cost of expert witnesses alone would
19   exceed $5,000, and would thus bring him over the $75,000 minimum required to establish
20   diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Am. Pet. at 4; Supp. Morris Decl. at ¶
21   14, Ex. 7.

22         The language of the diversity statute specifically excludes costs from the amount in
23   controversy calculation. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original
24   jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
25   $75,000, *exclusive of interest and costs*[.]") (emphasis added). *See, e.g.*, *Curtis Int'l Ltd. v. Ewest*

---

[9] California Welfare and Institutions Code section 15657.5 provides, in relevant part, "[w]here it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in [s]ection 15610.30 . . . the court shall award to the plaintiff reasonable attorney's fees . . . ."

7

1  *Advantage, Inc.*, No. 07CV1265 JAH (CAB), 2007 WL 2462115, at *2 (S.D. Cal. Aug. 27, 2007)

2  ("The diversity statute specifically excludes costs in the [amount in controversy] calculation and

3  this [c]ourt sees no reason to include those costs . . . ."). Kincaid has provided no authority to

4  support the argument that costs may be included in the calculation of the amount in controversy.

5      For the aforementioned reasons, Kincaid has failed to meet his burden of establishing that

6  the amount in controversy in the underlying arbitration exceeds $75,000, as required by 28 U.S.C.

7  § 1332(a).

### 2. Diversity of Citizenship

9      Kincaid must further establish that the arbitral parties were citizens of different states. *See*

10  28 U.S.C. § 1332(a)(1); *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 446 (2d Cir. 1995) ("[W]e

11  hold that the district court was correct in looking only to the citizenship of the parties in the action

12  before it—that is, [those] who signed the arbitration agreement—to determine whether there was

13  complete diversity.").

14      Kincaid resides in Sedona, Arizona. Liotta is a California resident. Respondent Cetera

15  Advisors LLC is a Delaware corporation with its principal place of business in Minnesota. *See*

16  Supp. Morris Decl., ¶ 16, Ex. 7.[10]

17      Kincaid's allegations of citizenship are inadequate with respect to the limited liability

18  company, Cetera Advisors LLC. The citizenship of an LLC for purposes of diversity jurisdiction

19  is that of every state of which its owners or members are citizens. *See Johnson v. Columbia*

20  *Properties Anchorage*, *LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a

21  citizen of every state of which its owners/members are citizens."); *see also Charles Schwab Corp.*

22  *v. Banc of Am. Sec. LLC*, No. 10-CV-03489-LHK, 2011 WL 864978, at *4 n.2 (N.D. Cal. Mar. 11,

23  2011) ("In the Ninth Circuit, the citizenship of an LLC is the citizenship of all its individual

24  members.") (citing *Johnson*, 437 F.3d at 899). Kincaid has merely stated that Cetera Advisors

---

[10] Kincaid additionally asserts that FINRA is a Delaware corporation with its principal place of business in Rockville, Maryland, but given that FINRA was not a signatory to the underlying arbitration, FINRA's citizenship is not relevant to determining whether complete diversity exists among the arbitral parties. *See Doctor's Assocs., Inc*, 66 F.3d at 446.

1  LLC is a Delaware corporation with its principal place of business in Minnesota, which is

2  insufficient to establish its citizenship.[11]

3  Kincaid has neither demonstrated that he has met the amount in controversy requirement,

4  nor that the arbitral parties are completely diverse as 28 U.S.C. § 1332(a) requires.  Thus, the court

5  does not have subject matter jurisdiction over this Petition on the basis of diversity jurisdiction.

6  **B.  Exclusive Jurisdiction Under 15 U.S.C. § 78aa**

7  Kincaid also argues that the court has subject matter jurisdiction over this proceeding

8  pursuant to 15 U.S.C. § 78aa.  Section 78aa provides in relevant part that, in general, "[t]he district

9  courts of the United States . . . shall have exclusive jurisdiction . . . of all suits in equity and

10  actions at law brought to enforce any liability or duty created by this title [15 U.S.C. §§ 78a *et*

11  *seq.*] or the rules and regulations thereunder."[12]  15 U.S.C. § 78aa(a).[13]  For this court to exercise

12  jurisdiction under this statute, Kincaid must show that his petition was brought to "enforce any

13  liability or duty" created by the Securities Exchange Act.

14  Kincaid fails to explain how this proceeding seeks to enforce "any liability or duty" created

---

[11] Additionally, Kincaid's allegations with respect to his own citizenship are deficient because he asserts that he resides in Arizona, but does not state where he is domiciled.  Kincaid maintains that he has resided in Arizona for the last five years, and that he is "founder and president of Kincaid Financial Advisors located in Sedona, Arizona."  Am. Pet at 3; Kincaid Decl. at ¶ 1.  "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) *be domiciled in a state* of the United States."  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (emphasis added) (citations omitted).  "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal citations and quotations omitted).  Kincaid has alleged his residency but not his domicile, and thus has not met his burden of establishing his citizenship for the purposes of diversity jurisdiction.  For the same reason, Kincaid's declaration that Liotta "resides" in California is insufficient to establish Liotta's domicile.

[12] In *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998), the Ninth Circuit held that "the rules and regulations thereunder" include not only the rules and regulations issued by the SEC directly but also the rules issued by self-regulating organizations such as NASD, now known as FINRA.  *See Sparta Surgical Corp*, 159 F.3d at 1212.

[13] Section 78aa(b) further states, in relevant part, that "[t]he district courts of the United States . . . shall have jurisdiction of an action or proceeding brought or instituted by the [SEC] or the United States alleging a violation of the antifraud provisions of this chapter . . . ."  15 U.S.C. § 78aa(b).  This provision does not apply because this proceeding is not brought by the SEC or the United States.

9

by the Securities Exchange Act or the rules and regulations under the Act.  An action seeking court confirmation of a FINRA arbitration award directing expungement of CRD records is not an action to "enforce [a] liability or duty."  *See In re Lickiss*, No. C-11-1986 EMC, 2011 WL 2471022, at *2-3 (N.D. Cal. Jun. 22, 2011) (remanding expungement request to state court because proceeding to expunge FINRA CRD records was not a "lawsuit to enforce a duty created by the Securities Exchange Act or the rules and regulations thereunder"); *Doe v. Fin. Indus. Regulatory Auth., Inc.*, No. CV 13-06436 DDP ASX, 2013 WL 6092790, at *2-*4 (C.D. Cal. Nov. 19, 2013) ("[T]here is not exclusive federal question jurisdiction under [15 U.S.C. § 78aa] for *all* claims relating to securities.  In order for there to be exclusive federal jurisdiction over Plaintiff's claims, Plaintiff's lawsuit must seek to enforce a 'liability' or 'duty' created by the Securities Exchange Act.  Plaintiff's complaint seeks expungement, as well as related declaratory relief.  There is no 'duty to expunge' under FINRA rules . . . .  Therefore, there is no exclusive federal question jurisdiction over Plaintiff's cause of action for expungement.") (emphasis in original).

Thus, the court does not have subject matter jurisdiction pursuant to 15 U.S.C. § 78aa.

### IV.   CONCLUSION

For the foregoing reasons, the court recommends that the petition to confirm the arbitration award directing expungement of Kincaid's CRD records be denied.

The Clerk is directed to reassign this case to a district judge.  Any party may file objections to this report and recommendation within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO RECOMMENDED.**

Dated: May 18, 2015

_____
DONNA M. RYU
United States Magistrate Judge